UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00462-MOC-DSC

| | | |
|---|---|---|
| **COST MANAGEMENT PERFORMANCE GROUP, LLC,** | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| **SYMFACT INC.,** | ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Strike Affirmative Defenses From Defendant Symfact Inc.'s Answer. Through the process of amendment, all that remains for the court is the issue of whether defendant's First Affirmative Defense should be stricken as redundant of its Counterclaim.

Under Rule 12(f), Federal Rules of Civil Procedure, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Striking a pleading is a drastic remedy. <u>Augustus v. Board of Public Instruction of Excambia County, Florida, et al.</u>, 306 F.2d 862, 868 (5th Cir.1962). A pleading should only be stricken when the pleading bears no relationship to the controversy. <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819, 822 (6th Cir.1953). A motion to strike places a "sizable burden on the movant," <u>Clark v. Milam</u>, 152 F.R.D. 66, 70 (S.D.W.Va.1993), and would typically require a showing that denial of the motion would prejudice the movant. <u>Id.</u>

Plaintiff contends that the First Affirmative Defense and the Counterclaim are redundant in that each is grounded upon an allegation that the VENDORINSIGHT mark is merely descriptive and without secondary meaning. Plaintiff cites two district court opinions from the North District of Illinois in support of their contention that such pleadings are redundant. It appears undisputed that the Affirmative Defense would, if later proved, stand in bar to plaintiff's claim, while the Counterclaim would not just bar the claim but, if later proved, would likely cancel the mark. Plaintiff argues that because the relief available under the Affirmative Defense is a subset and consumed by the relief available under the Counterclaim, the Affirmative Defense should be stricken.

As Rule 8 provides for pleading in the alternative, Fed.R.Civ.P. 8(d)(2), provides for pleading affirmative defenses separate from counterclaims, Fed.R.Civ.P. 8(c)(2), allows parties to "<u>state as many separate claims or defenses as it has</u>," Fed.R.Civ.P. 8(d)(3) (emphasis added), and otherwise requires the court to liberally construe pleadings "to do justice," the court can see no harm in allowing defendant to plead an affirmative defense which is a subset of a counterclaim as such is certainly anticipated by the Federal Rules of Civil Procedure. Plaintiff's argument does not address the additional burden which defendant would face if it was compelled to pursue its Affirmative Defense only in the form of a Counterclaim, in that defendant would be required to put on its own case in chief rather than prove an Affirmative Defense during plaintiff's case. At this point – which is an early point in these proceedings – a defendant should not be forced to elect between pursuing a defense to a claim and pursuing that defense as part of a counterclaim which

ultimately would provide broader relief.

Finally, the court finds that plaintiff has not satisfied its "sizable burden" by showing how denial of the motion to strike would prejudice the movant. Clark, 152 F.R.D. at 70.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Strike Affirmative Defenses From Defendant Symfact Inc.'s Answer (#9) is DENIED.

Signed: January 12, 2016

Max O. Cogburn Jr
United States District Judge